# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN WAYNE NORWOOD.  ) | |
| Reg #30951-177                        ) | |
|     Petitioner,               ) | **Case No. 2:12-CV-00206 KGB-JTK** |
|                                            ) | |
| v.                                             ) | |
|                                            ) | |
| JOHN FOX, Interim Warden,  ) | |
| FCI – Forrest City                 ) | |
|     Respondent. | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Stephen Wayne Norwood for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1).

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). He was convicted of burglary of a building by a Young County, Texas court on November 14, 1991, and given a life sentence. On November 30, 2011, Petitioner was paroled.

A pre-revocation warrant was issued on April 11, 2002 due to alleged parole violations, such as an arrest for driving while intoxicated. On March 22, 2003, Petitioner was arrested in Graham, Texas for resisting arrest and unlawful possession of a firearm by a felon. The pending, pre-revocation warrant was executed at the same time. Petitioner pled guilty to resisting arrest and was sentenced to time served since his March arrest on May 7, 2003. However, Petitioner continued to be held without bond for violation of his parole.

On August 28, 2003, the United States Marshals Service (USMS) borrowed Petitioner pursuant to a writ of habeas corpus ad prosequendum. On August 20, 2004, Petitioner was sentenced to 210 months' imprisonment after pleading guilty to being a felon in possession of ammunition. The sentence was to run consecutively to his state sentence. He was subsequently released back to Graham County authorities.

Apparently due to oversight, Graham County authorities then released Petitioner into federal custody on August 30, 2004. The error was discovered, and he was returned to Texas custody on February 11, 2005, to serve the remainder of his state parole violation sentence. His revocation hearing took place on November 10, 2006, and he was revoked on November 21, 2006.

After appealing to the Fifth Circuit, Petitioner's conviction was affirmed, but his federal sentence was reversed and remanded because it was improperly enhanced. *United States v. Norwood*, 155 F. App'x 784 (5th Cir. 2005). On July 28, 2006, the district court amended the sentence to be 180 months' imprisonment to run consecutively with his state sentence. The second sentence's armed career criminal enhancement was upheld by the Fifth Circuit on October 26, 2007. *United States v. Norwood*, 252 F. App'x 623 (5th Cir. 2007). Petitioner also argued that the imposition of a sentence that ran consecutive to his state conviction was error, but the Fifth Circuit declined to consider this because it was beyond the scope of the remand.

On October 21, 2011, Petitioner was released from the service of his parole sentence, and entered federal primary custody. The time from March 23, 2003, until his release from state custody was credited toward his state sentence.

## Discussion

Petitioner argues that 1) the state court improperly used his federal conviction as the basis

for his parole revocation and 2) the federal court improperly set his sentence to run consecutively to a state sentence that had not been imposed yet and that was null due to timeliness and notice defects. These claims are based on state law, improperly brought, and without merit.

Citing *Morrissey v. Brewer*, 408 U.S. 471 (1972) and Texas state laws, Petitioner essentially argues that he was not provided with a parole revocation hearing soon enough after his March 2003 arrest and that this caused the pre-revocation warrant to expire along with the state's primary custody. He further alleges that Texas officials realized this error and attempted to save the expiration by using the new federal conviction for possession of ammunition as the basis for his parole revocation. He also contends that he could not prepare an adequate defense to his parole revocation because he was not given sufficient notice that his parole revocation would be based on the federal conviction, rather than his D.W.I. charge. These arguments primarily rely on state law and cannot be the basis for federal habeas relief. The Court notes that it does not appear that anything improper occurred under Texas law.

To the extent these arguments rely on constitutional due process, they attack the validity of his state parole revocation and should have been challenged in Texas courts and then perhaps brought in a 28 U.S.C. § 2254 action. His claims rely on the Court first finding that the state prosecution was invalid or illegal, and the current petition is an inappropriate vehicle for doing so. He has also failed to demonstrate that his constitutional rights were violated.

In any event, Petitioner's argument regarding the expiration of Texas's custody is without merit. Texas had and retained primary custody throughout the time he was initially arrested until he was released into federal custody in 2011. Texas's custody was based on the impending revocation of Petitioner's parole for the numerous violations he committed. It is true that his original warrant was based upon his D.W.I. charge, but he was also arrested and convicted for

being a felon in possession of a firearm by Graham County, Texas officials before he was convicted of being a felon in possession of ammunition in federal court. Any one of these things could have been a basis for Texas's custody, and Petitioner has not shown why it is legally significant that the Texas parole board ultimately chose to use his federal conviction as the basis for revocation. Petitioner does not dispute that the time in question was counted towards his state sentence, so it is unclear how he has been prejudiced, particularly in light of the fact that he acknowledges that 18 U.S.C. § 3585 does not allow double counting of prison time. Nor does Petitioner dispute that he violated his parole conditions or that there were a number of reasons his parole could have been revoked.

Petitioner also raises arguments that concern the validity of his federal sentence. He argues that the consecutive sentence couldn't predict the subsequent state errors, so it should be treated as invalid and concurrent. This argument concerns the lawfulness of his conviction and the sentence imposed, and the court lacks jurisdiction to hear his claim. Such claims generally must be brought in the sentencing court (in this case, the Northern District of Texas) through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct, and not in a habeas petition filed in the court of incarceration (in this case, the Eastern District of Arkansas) under § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in

which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

> However, Section 2255 contains a "savings clause" that provides an application for relief
>
> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, the issue before the Court is whether § 2255 was inadequate or ineffective to test the legality of Petitioner's conviction. If § 2255 was adequate or effective, then the Court lacks jurisdiction to entertain Petitioner's § 2241 claims.

"The prisoner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091 (internal citations omitted). Petitioner has failed to satisfy his burden, and it appears he has already unsuccessfully attempted to contest the consecutive sentence. *United States v. Norwood*, 252 F. App'x 623, 625 (5th Cir. 2007) ("We need not consider Norwood's contention, as the issue of consecutive versus concurrent sentences was beyond the scope of our previous remand."). Petitioner could have attacked the validity of his state or federal sentences at an earlier date in a different court, and he cannot do so now in this Court in an attempt to circumvent his federal sentence. Accordingly, the Court lacks jurisdiction to hear Petitioner's claim regarding the invalidity of his consecutive federal sentence.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus

(Doc. No. 1 pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 17th day of June, 2014.

                                                                                    United States Magistrate Judge